IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00242-WJM-MEH

ANDREA HAMMOND, J.D.,

    Plaintiff,

v.

INTERVENTION,
ICCS (Intervention Community Correction Services), a subsidiary of Intervention,
GREG KILDOW, CEO of Intervention,
ALL THE BOARD OF DIRECTORS OF INTERVENTION, and
GERI ANN ECHLENBERG, Case Manager at ICCS,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 5, 2014.**

    In the interest of justice, Plaintiff's renewed Motion to Amend Pleading [filed August 5, 2014; docket #46] is **granted**, and the Third Amended Complaint (docket #44) is accepted as filed. Plaintiff seeks to identify the proper Defendants in accordance with information (apparently) received through Defendants' motion to dismiss, and seeks to add a claim under the Fourteenth Amendment based on the same facts as those set forth in the operative pleading.

    First, regarding identifying the proper defendants, the Court finds particularly instructive the Advisory Committee's comments concerning the 2009 Amendments to Rule 15: "This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the [Rule 12(b) ] motion. A responsive motion may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. While the note focuses on the rule's allowance of amendment once as a matter of course, the committee specifically emphasizes the importance of allowing amendment to correct deficiencies in the pleading, which may be raised by a Rule 12(b) motion, and frame the issues to be decided.

    With this in mind, the Court finds that it is not necessarily improper to amend a pleading pursuant to Rule 15 to correct deficiencies in the pleading that are raised in a Rule 12(b) motion. Thus, proposed amendments that seek to clarify or explain facts asserted in an original complaint, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Plaintiff in seeking to correct defects raised in the Defendants' pending motion to dismiss. However, the Court reminds the Plaintiff of the Tenth

Circuit's admonition against allowing pleadings to become "moving targets." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (citation omitted). The Court will be mindful of such admonition when reviewing any further amendments.

Moreover, a Scheduling Order was recently issued in this case (July 15, 2014); thus, Plaintiff's amendments are neither unduly delayed nor unduly prejudicial to the Defendants.

Accordingly, at this early stage of the litigation, the Court finds justice requires permitting Plaintiff to amend the operative pleading. In light of this order, Defendants' 12(b)(6) Motion to Dismiss [filed June 6, 2014; docket #33] is **denied as moot** with leave to re-file, if Defendants so choose, in response to the Third Amended Complaint. *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)); *see also Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 723329, at *4 (D. Colo. Mar. 18, 2009) (citation omitted) ("Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version.").