IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00242-MEH

ANDREA HAMMOND, J.D.,

 Plaintiff,

v.

INTERVENTION,
ICCS (Intervention Community Correction Services), a subsidiary of Intervention,
GREG KILDOW, CEO of Intervention,
ALL THE BOARD OF DIRECTORS OF INTERVENTION, and
GERI ANN ECHLENBERG, Case Manager at ICCS,

 Defendants.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

 Before the Court is Defendants' Opposed Motion for Stay of Discovery Pending Decision on Defendants' Amended Motion to Dismiss [filed September 10, 2014; docket #52].  The Court finds that oral argument and further briefing will not assist the Court in its adjudication of the motion.  For the following reasons, the Court **GRANTS** the Defendants' motion.

## I. Background

 Plaintiff, proceeding *pro se*, initiated this action on January 28, 2014.  During initial review, Plaintiff filed an Amended Complaint, then Magistrate Judge Boland directed Plaintiff to file a Second Amended Complaint, which she filed on March 24, 2014 and the case was drawn on April 2, 2014.  *See* dockets ## 13, 14, 15 and 16.  Plaintiff then consented to this Court's jurisdiction.  Docket #20.  The Defendants responded to the Amended Complaint by filing a Motion to Dismiss on June 6, 2014.  Docket #33.  This Court held a Scheduling Conference on July 14, 2014 at which

a discovery schedule was set. Docket #37. With the Court's permission, the Plaintiff then filed a

Third Amended Complaint and denied without prejudice the Defendants' motion to dismiss. Docket

#48. Defendants responded to the operative pleading with an Amended Motion to Dismiss, which

remains pending. Docket #50. Thereafter, Defendants filed the present motion to temporarily stay

discovery pending a decision on the motion to dismiss. At the same time, Defendants filed a form

consenting to this Court's jurisdiction. Docket #53. Accordingly, Chief Judge Krieger issued an

order referring the case to this Court pursuant to the parties' consent. Docket #55.

## II.   Discussion

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v.*

*Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly

provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of

good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this

district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D.

Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay

discovery if a dispositive motion has been filed that could resolve the case and a stay does not

unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-

MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the

Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the
> potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the
> convenience to the court; (4) the interests of persons not parties to the civil litigation;
> and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at \*2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. The Plaintiff has expressed her willingness to adjust the discovery schedule and discuss settlement. Moreover, because the parties have consented to this Court's jurisdiction, the Court will rule on the pending motion to dismiss expeditiously, rather than proceeding through a round of briefing, a recommendation, and another round of objections, responses, etc. While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings temporarily pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at \*1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss may resolve this matter in its entirety and a ruling on the motion may be quickly forthcoming following a full round of briefing, the Court finds good cause exists to impose a temporary stay until this Court rules on the Motion to Dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** the Defendants' Opposed

Motion for Stay of Discovery Pending Decision on Defendants' Amended Motion to Dismiss [filed September 10, 2014; docket #52].  This matter is hereby **STAYED** pending further order of the Court.

Dated at Denver, Colorado, this 16th day of September, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge